JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE PERRY,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:24-cv-03197-WLH-MAR<br><br>**ORDER RE MOTION FOR REMAND AND AWARD OF COSTS AND EXPENSES RESULTING FROM REMOVAL [12]** |

    Before the Court is Plaintiff Jacqueline Perry's ("Perry") Motion for Remand and Award of Costs and Expenses Resulting From Removal (the "Motion", Docket No. 12). As set forth below, the Motion is **GRANTED**.

**I.    BACKGROUND**

    On May 25, 2019, Perry purchased a 2016 Ford Explorer (the "Subject Vehicle") for $45,649.20 and entered into a warranty agreement with Defendant Ford Motor Company ("Ford"). (Notice of Removal, Ex. A ("Compl."), Docket No. 1-2 ¶¶ 7, 15). Perry alleges that "[d]efects and nonconformities to warranty manifested themselves within the applicable express warranty period" that "substantially impaired the use,

value and/or safety of the Subject Vehicle." (*Id.* ¶ 16). Perry alleges that she brought the Subject Vehicle to one of Ford's authorized repair facilities, but that Ford "was unable to conform the Subject Vehicle to the applicable express warranty after a reasonable number of repair attempts." (*Id.* ¶¶ 17–18).

On May 16, 2023, Perry filed this action in Los Angeles Superior Court, asserting two claims against Ford for violations of the Song-Beverly Act. (*See generally id.*). Perry asserts in the Complaint that the purchase price of the Subject Vehicle was $45,649.20 and that she seeks "a civil penalty up to two times the amount of actual damages" for Ford's alleged violations. (*Id.* ¶¶ 15, 25, 37). Perry served, and Ford received, the Complaint on May 30, 2023. (Notice of Removal, Docket No. 1 ¶ 6).

On October 19, 2023, in response to Ford's written discovery requests, Perry served verified responses including document production. (Notice of Removal, Ex. C, Docket No. 1-4 at 72). Those documents included a copy of the Retail Sale Installment Contract, which confirmed the Complaint's allegation that the purchase price of the Subject Vehicle was $45,649.20. (*Id.*).

On April 10, 2024, Perry served her first set of responses to Ford's Special Interrogatories. (Decl. of Amy Maclear in Supp. of Def.'s Notice of Removal ("Maclear Decl."), Docket No. 1-1 ¶ 14). In her responses, Perry once again stated that the purchase price of the Subject Vehicle was $45,649.20. (*Id.*). Ford asserts that the next day—April 11, 2024—Perry "demanded in excess of $75,000, not including any attorney's fees, to resolve this case." (*Id.* ¶ 15).

On April 18, 2024, Ford removed the action to this Court on the basis of diversity jurisdiction. (Notice of Removal). In a declaration in support of the Notice of Removal, Ford's counsel incorrectly states that "Plaintiff's Complaint is silent as to the amount Plaintiff paid for the subject vehicle." (Maclear Decl. ¶ 12). Ford asserts in the Notice of Removal that its removal is timely because it was made "within 30 days after receipt by the defendant, through service or otherwise, of a … paper from which it may first be ascertained that the case is one which is or has become removable." (Notice of Removal

¶ 8 (citing 28 U.S.C. §1446(b)(3)). Ford also states in the Notice of Removal that "[i]f Perry were to prevail on her Song-Beverly Act claims, she could be awarded well over $75,000" because "Plaintiff alleges actual damages of at least $45,649.20 (the purchase price of her vehicle), and could be awarded up to twice that amount in civil penalties, for a total amount in controversy of $136,947.20[1] based on these factors alone." (*Id.* ¶ 28).

Perry filed the instant Motion on May 17, 2024. She seeks remand of the action to the Superior Court and an award of attorney's fees and costs associated with the Motion.

## II. DISCUSSION

### A. Remand

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court[.]" 28 U.S.C. § 1441(a). The removing party has the burden to show that removal is proper. *See, e.g., Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) ("[T]he burden on removal rests with the removing defendant."). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case "shall be remanded." 28 U.S.C. § 1447(c).

With respect to the timing of removal, "[t]here are two different potential … deadlines." *Isabelle Franklin, et al. v. Healthsource Global Staffing, Inc., et al.*, No. 23-CV-0662-AGS-DEB, 2024 WL 1055996, at *2 (S.D. Cal. Mar. 11, 2024). "The first and most common pathway is where the basis for removal is clear from the complaint or other initial pleading." *Givens v. Lawson*, No. 3:22-CV-00772-YY, 2022 WL 4586250, at *2 (D. Or. Aug. 30, 2022), *report and recommendation adopted*, No. 3:22-CV-00772-YY, 2022 WL 4551533 (D. Or. Sept. 27, 2022)); *see also* 28 U.S.C.

---

[1] This figure should be $136,947.60.

3

1 § 1446(b)(1). "If an initial pleading is not removable on its face, then the first 30-day period for removal is not triggered." *Avina v. Ford Motor Co.*, No. CV 23-10573-PA-E, 2024 WL 688664, at *2 (C.D. Cal. Feb. 20, 2024).

The second potential deadline for removal is triggered after "the defendant received 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)(3)). This clock for the second removal deadline begins running upon "'defendant's receipt of a document from the plaintiff or the state court—not by any action of defendant.'" *Solis v. Nissan N. Am. Inc.*, No. CV 24-00728-MWF (EX), 2024 WL 1311275, at *2 (C.D. Cal. Mar. 27, 2024) (quoting *Franklin*, 2024 WL 1055996, at *2).

The Ninth Circuit has held that "[w]hile § 1446(b)(1) requires only a pleading that 'set[s] forth' a ground for removal to start the removal clock under the first pathway, § 1446(b)(3)'s second pathway requires an amended pleading, motion, order, or other paper from which a ground for removal may be 'ascertained.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093 (9th Cir. 2021) (quoting 28 U.S.C. §§ 1446(b)(1), (3)) (alterations in *Dietrich*). "'Set forth' means only to 'give an account or statement of,'" while "'[a]scertain' means 'to find out or learn with certainty.'" *Id.* (citations omitted). "The latter, in contrast to the former, seems to require a greater level of certainty or that the facts supporting removability be stated unequivocally." *Id.* (citation and quotations omitted).

Beyond those two deadlines, a defendant *may* remove a case where it "'could have' demonstrated removability earlier based on its knowledge beyond the pleadings." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013). It is not, however, "'obligated to do so.'" *Id.*

Here, Ford incorrectly states in both its Notice of Removal and Opposition to the Motion that Perry's Complaint did not allege the amount Perry paid for the Subject Vehicle. (*See, e.g.*, Opp'n to Notice of Removal at 4). For her part, Perry herself states

4

in the Motion that "[t]he Complaint does not state any specific amount of damages at issue, but demands relief according to California statutes." (Mot. at 3). Since both parties appear not to have noticed that the purchase price of the Subject Vehicle was alleged in the Complaint, their arguments focus on whether the amount in controversy was "ascertainable" from Perry's October 19, 2023, production of the Retail Sale Installment Contract containing the purchase price, and thus whether the 30-day deadline to remove was triggered on that day. Predictably, Perry argues that the amount in controversy was ascertainable from that contract, while Ford argues that it was not ascertainable until April of 2024, when Perry served interrogatory responses stating the purchase price of the Subject Vehicle and made a demand in excess of $75,000.

The Court need not reach the question of whether Perry's production of the Retail Installment Contract made the amount in controversy "ascertainable," however, because Perry stated both the purchase price of the Subject Vehicle and the request for civil penalties in her Complaint. The lower standard of § 1446(b)(1), which requires only that the initial pleading "set forth" ground for removal, therefore applies here.

The Court finds Perry did set forth the ground for removal in her Complaint by alleging (1) that the purchase price of the Subject Vehicle was $45,649.20 and (2) that she seeks "a civil penalty up to two times the amount of actual damages" for Ford's alleged violations of the Song-Beverly Act. The Ninth Circuit has held that § 1446(b)(1) "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability" and that "multiplying figures clearly stated in a complaint is an aspect of that duty." *Kuxhausen*, 707 F.3d at 1140 (citation and quotations omitted). Ford only needed to do simple multiplication based on the Complaint to determine the amount in controversy exceeded $75,000. Indeed, in the Notice of Removal, Ford bases its calculations of the amount in controversy on the purchase price of the Subject Vehicle ($45,649.20) and Perry's prayer for two times civil damages, for a total of amount in controversy of almost $137,000. All of the information upon which Ford based this calculation was set forth in Perry's Complaint.

Because Perry adequately set forth a ground for removal in her Complaint, the 30-day deadline began to run when Ford received the Complaint on May 30, 2023. Ford's removal of this action on April 18, 2024, was 294 days late, so the action must be remanded.

### B. Attorney's Fees

Perry seeks an award of costs and attorney's fees in connection with bringing this Motion. Ford makes no argument that an award of attorney's fees and costs would be inappropriate. (*See generally* Opp'n). Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court need not find the removing party acted in bad faith in order to award costs and fees against it. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992). Rather, "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* "[T]he degree of clarity in the relevant law at the time of removal is a relevant factor in determining whether a defendant's decision to remove was reasonable." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018).

The Court awards costs and attorney's fees to Perry because Ford's removal of the action was objectively unreasonable. The law was clear when Ford removed this action that Ford was responsible for "applying a reasonable amount of intelligence in ascertaining the amount in controversy," including "multiplying figures expressly alleged" in the Complaint; in fact, Ford cites that very standard in its Opposition to the Motion. (Opp'n at 6 (citing *Kuxhausen*, 707 F.3d at 1140)). Though this was likely an honest mistake rather than an indication of bad faith, removal was still unreasonable as contrary to established law.

Moreover, while Perry committed the same oversight in drafting this Motion, Perry's oversight is excusable because Ford's counsel stated in a sworn declaration supporting the Notice of Removal that the Complaint was "silent as to the amount Plaintiff paid for the subject vehicle," and the Notice of Removal relied on that statement in arguing removal was warranted. It is understandable that Perry would rely on this misstatement by Ford's counsel when, almost a year after filing the Complaint, Perry drafted this Motion and addressed Ford's contentions in its Notice of Removal.

Because Ford's removal of this action was objectively unreasonable, the Court finds good reason to award attorney's fees and costs to Perry. Perry shall present her application for such fees to the state court for approval within ten days after this matter has been returned to that court.

### III. CONCLUSION

For the foregoing reasons, the Motion to Remand is **GRANTED**. This action shall be remanded to the Superior Court of the State of California for the County of Los Angeles.

The Clerk is directed to close this file.

**IT IS SO ORDERED.**

Dated: August 20, 2024

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE